UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY KENT DEWITT,

    Plaintiff,

v.                                      Case No. 5:18-cv-202-MCR/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on Plaintiff's "Motion for Voluntary Dismissal" of this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 10). Plaintiff requests dismissal without prejudice.

    Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Under Rule 41(a)(1)(A)(i), the Plaintiff could have obtained a dismissal simply by filing a notice of dismissal. *See Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (holding that Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss an action "without seeking leave of court"); *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 111 (2d Cir. 2012) ("Plaintiffs invoking Rule 41(a)(1)(A)(i) . . . have an 'unfettered right

voluntarily and unilaterally to dismiss an action . . . .'") (citation omitted). "[D]ismissal by notice requires no court action to be effective." *Thorp v. Scarne*, 599 F.2d 1169, 1175 n.8 (2d Cir. 1979). Thus, the Plaintiff did not need to file a motion to dismiss insofar as the Defendants were never served with process and they have not filed a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

Regardless, a district court also enjoys broad discretion "to allow a voluntary dismissal under Rule 41(a)(2)." *Arias*, 776 F.3d at 1268; *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Arias*, 776 F.3d at 1268–69 (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986)). "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Arias, 776 F.3d at 1268; *Pontenberg*, 252 F.3d at 1255. If a court perceives that a plaintiff moved for dismissal in bad faith or with an improper motive, the court may dismiss *with prejudice* or with conditions. *See Dunster Live, LLC. v. LoneStar Logos Mgmt. Co.*, 908 F.3d 948, 951 (5th Cir. 2018); *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991). This court does not perceive that the Plaintiff's motion was filed in bad faith or with an

improper motive. Therefore, the Plaintiff is entitled to have his cased dismissed without prejudice.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff's "Motion for Voluntary Dismissal" (ECF No. 10) be **GRANTED** and that this action be **DISMISSED** without prejudice.

At Panama City, FL, this 18th day of December 2018.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.